NOT FOR PUBLICATION



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

SALVATORE GALLUCCI; et al.,

          Plaintiffs - Appellees,

  v.

HENRY GONZALES,

          Objector - Appellant,

  v.

BOIRON, INC.; et al.,

          Defendants - Appellees.

No. 12-57081

D.C. No. 3:11-cv-02039-JAH-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted December 11, 2014
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and SMITH, District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

Objector Henry Gonzales appeals from the district court's order approving a class settlement (Settlement) with Boiron, Inc. and awarding fees and expenses to class counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not clearly abuse its discretion in concluding that the Settlement—which created a fund from which class members could receive refunds for their purchases of Boiron's allegedly mislabeled products and provided injunctive relief in the form of label modifications—was fair, reasonable, and adequate. Fed. R. Civ. P. 23(e); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011).

Because the class was certified for purposes of settlement only, the district court was required to closely scrutinize the settlement "for evidence of collusion or other conflicts of interest." *In re Bluetooth*, 654 F.3d at 946. Both the district court's final approval order and the transcript of the settlement approval hearing make clear that the court searched for signs of collusion—including the "subtle signs" of collusion explicitly mentioned in *Bluetooth*—and correctly found none. *Id.* at 947. This conclusion is bolstered by the fact that the Settlement was negotiated with the aid of a retired magistrate judge and experienced mediator, who reported no evidence of collusion.

2

The district court also acted within its discretion in approving the Settlement despite the theoretical possibility—based only on the existence of multiple potential classes with which Boiron could have settled—that a reverse auction could have occurred. The record contains no evidence suggesting that a bidding war between the various potential class counsel actually occurred, and as we have observed in a different context, if the mere existence of multiple potential classes were sufficient to prove collusion, "the reverse auction argument would lead to the conclusion that no settlement could ever occur in the circumstances of parallel or multiple class actions." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099-1100 (9th Cir. 2008) (internal quotation marks omitted). We have never adopted such a rule and decline to do so here.

Gonzales contends that even if the district court adequately considered signs of collusion, we nevertheless must reverse because the court clearly abused its discretion in its balancing of the so-called *Churchill* factors, used to determine whether a settlement is fair, reasonable, and adequate. *See Churchill Vill., L.L.C. v. Gen. Electric*, 361 F.3d 566, 575 (9th Cir. 2004). Focusing primarily on the fourth factor, "the amount offered in settlement," *id.*, Gonzales argues that the district court failed to compare the cash value of the Settlement to the expected value of going to trial. The record demonstrates, however, that the district court

3

was fully informed of the parties' competing estimates of the class action's value and considered those estimates in determining whether the Settlement was adequate. Moreover, we have never required courts "to estimate the range of possible outcomes and ascribe a probability to each point on the range." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (internal quotation marks and alterations omitted) (explaining that approval of a settlement is "nothing more than an amalgam of delicate balancing, gross approximations and rough justice" (internal quotation marks omitted)). More importantly, the Settlement's $5 million common fund was intended to be—and by all accounts, is in fact—more than adequate to compensate all class members who submitted refund claims.

The remaining *Churchill* factors also support the district court's order. For example, the record shows that Boiron had a potentially effective defense, that class counsel were experienced, and that the class was largely satisfied with the Settlement. *See Churchill*, 361 F.3d at 575.

2. The district court did not abuse its discretion in awarding 25 percent of the cash value of the Settlement in fees to class counsel. *See Bluetooth*, 654 F.3d at 940, 942 ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the

4

lodestar.  Applying this calculation method, courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . .").

3.  The district court did not err in concluding that the Settlement provided for "the best notice that is *practicable* under the circumstances."  Fed. R. Civ. P. 23(c)(2)(B) (emphasis added); *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 172-73 (1974).  The settling parties had no means of identifying and targeting notice to individual Boiron customers, who made their small purchases nationwide, primarily at retail locations.  Instead, notice was conveyed through nationwide online and print media that, according to reliable expert testimony, were specifically tailored to reach Boiron's customer base.  Thus, the notice provided was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."  *Eisen*, 417 U.S. at 174-75 (internal quotation marks omitted) (endorsing, albeit implicitly, notice by publication where notice by mail is impossible).

4.  The district court did not abuse its discretion in certifying the class for settlement purposes.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023-24 (9th Cir. 1998).  The class representatives' claims and legal theories are reasonably co-extensive with those of the other class members, as all class members alleged that Boiron's labeling and marketing deceptively masked the possibility that the

5

products would not work as advertised due to heavy dilution. *See id.* at 1020

(noting that Rule 23(a)(3)'s typicality requirement is "permissive").

**AFFIRMED.**